# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 50315 | **DATE** | 10/20/2004 |
| **CASE TITLE** | EISENMANN CORP. vs. SWANDA BROTHERS | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendant's motion to stay proceedings and compel arbitration is granted.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

# MEMORANDUM OPINION AND ORDER

Plaintiff, Eisenmann Corp., an Illinois corporation, with its principal place of business in Illinois, filed a five-count complaint against Swanda Bros., Inc., an Oklahoma corporation, with its principal place of business in Oklahoma. The amount in controversy exceeds $75,000. The court has subject matter jurisdiction under 28 U.S.C. § 1332 (a)(1). The complaint seeks injunctive relief (Count I) and declaratory judgment (Count II) and asserts claims for breach of contract (Count III), breach of the covenant of good faith and fair dealing (Count IV), and negligence (Count V). This dispute involves the performance of certain contracts between the parties dealing with the construction of a new paint shop for Mercedes Benz U.S. International, Inc. in Tuscaloosa, Alabama. Defendant moves to stay this action and compel arbitration based on a provision in a subcontract entered by the parties requiring disputes to be arbitrated. Plaintiff argues the terms of the subcontract effectively waive the right to force arbitration because the parties also consent in the subcontract to jurisdiction in federal or state court if a lawsuit is filed notwithstanding the arbitration clause.

The relevant language at issue is contained in paragraph 14.2 A) and in a paragraph A labeled "Jurisdiction and Venue" (Jurisdiction Paragraph"). Paragraph 14.2 A) provides in relevant part "Any controversy, dispute of Claim arising out of or related to the Contract, or the breach thereof, . . . shall be settled by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association, which applies because the Owner and Contractor agree that this Contract involves interstate commerce." The Jurisdiction Paragraph provides in relevant part "If any controversy or Claim arising out of or relating to this Contract is found by a court of competent jurisdiction not to be subject to arbitration, such controversy or claim . . . shall be brought in and each party irrevocably submits itself to the jurisdiction of the state and federal courts. . . . [E]ach party irrevocably submits itself to the jurisdiction of the state or federal courts and irrevocably agrees that all claims in respect of such action or proceeding shall be heard and determined only in and by either of the state or federal courts. Furthermore, each party hereby irrevocably waives and agrees not to assert by way of motion as a defense or otherwise in any such action or proceeding, any Claim that Such Party is not personally subject to the jurisdiction of the state or federal court that such action is brought in an inconvenient forum, that the venue of such action or proceeding is improper or that this Agreement may not be enforced in or by such state or federal court."

Plaintiff argues the Jurisdiction Paragraph shows the parties intended that if an action was brought in a court, then the arbitration provision would be superceded. In effect, arbitration is only required if neither party chooses to file suit. Plaintiff misreads the contract. The Jurisdiction Paragraph starts out by saying that if a claim is found by a court of competent jurisdiction not to be subject to arbitration, then the parties submit to the jurisdiction of the courts. The plain language requires a finding that the claim is not subject to arbitration before the Jurisdiction Paragraph kicks in. Plaintiff is attempting to have the claim found not subject to arbitration based on language in the Jurisdiction Paragraph that does not operate until a finding of non-arbitrability has been made. Plaintiff cannot use this contract language to bootstrap its way to non-arbitrability. The contract calls for mandatory arbitration of disputes arising under it. Courts are to resolve any doubts concerning the scope of arbitrable issues in favor of arbitration, whether the problem "is the construction of the contract language itself or an allegation of waiver, delay or like defense to arbitrability." <u>Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.</u>, 473 U.S. 614, 626 (1985).

For the foregoing reasons, defendant's motion to stay proceedings and compel arbitration is granted.